IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SHARON RANDOLPH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 22-cv-2150-PX |
| RRR BOWIE, LLC, dba Toyota of Bowie, | * | |
| Defendant. | * | |

******

## MEMORANDUM OPINION

Pending in this employment dispute is the motion to dismiss filed by Defendant RRR Bowie, LLC dba Toyota of Bowie ("RRR"). The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Defendant's motion is GRANTED.

**I.   Background**

This Court construes the facts in the Amended Complaint as true and most favorably to Plaintiff, Sharon Randolph ("Randolph"). Because this motion concerns the parties' agreement to arbitrate the claims alleged in the Amended Complaint, the Court also considers the "Agreement to Submit All Disputes to Binding Arbitration" (the "Arbitration Agreement" or "Agreement") as integral and necessary for the motion's resolution. ECF No. 20-2 at 1–2; *see Dean v. Berlin Fire Co.*, No. ELH-17-2708, 2018 WL 4468844, *5 (D. Md. Sept. 17, 2018) (quoting *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014)) ("[A] court may properly consider documents incorporated into the complaint or attached to the motion to dismiss, 'so long as they are integral to the complaint and authentic.'"); *see also Bobys & Assocs. Inc. v. Paetec Commc'ns Inc.*, No. 8:13-01811-AW, 2013 WL

4543511, at *1 (D. Md. Aug. 26, 2013) (arbitration agreement "integral to the Complaint" when reviewing motion to dismiss in favor of arbitration).

Randolph, an African American woman, began working as a sales representative for RRR on July 15, 2019.  ECF No. 12 at ¶¶ 11–12.  As a condition of her employment, Randolph electronically signed the Arbitration Agreement on her first day of work.  *See id.* at ¶ 12; ECF No. 20-2 at 1.  The Arbitration Agreement is a four-page, standalone document with 13 sections, each separated by bold and underlined short titles.  ECF No. 20-2 at 1–2.  The Agreement is written in legible font and states plainly that "any and all claims or controversies . . . arising out of, or relating in any way to, my hiring, training, employment or termination of employment with the Company, **MUST BE RESOLVED THROUGH FINAL AND BINDING ARBITRATION**."  *Id.* (emphasis in original).

The Arbitration Agreement also requires the parties to engage in pre-arbitration efforts to resolve any employment related disputes.  Under a bold and underlined heading entitled, "**Pre-Arbitration Efforts to Resolve Dispute**," the Agreement states that,

> Before any Claim may be submitted to arbitration under this Arbitration Agreement, [Randolph] agree[s] that [she] must give written notice to the Company of the existence of any Claim or dispute **within 60 days of the date on which [she] first knew, or should have known, of any facts that give rise to the basis for the claim**.

*Id.* (emphasis added).

The Agreement concludes with the following attestation in which the parties, by "their" signatures, "confirm that we have read, understand and agree to each of the 13 paragraphs set forth above in this Arbitration Agreement, and are entering into this Arbitration Agreement knowingly, willingly, voluntarily and of our free choosing."  *Id.*

While working at RRR, Randolph maintains that she was subjected to a hostile and demeaning course of conduct which was "designed to see her fail" as a salesperson.  ECF No. 12

at 3.  Her difficulties with RRR ended abruptly when she was terminated on March 31, 2020.  ECF No. 12 at ¶ 30.

Randolph never submitted for pre-arbitration dispute resolution any claims arising from her tumultuous employment.  Instead, nearly seven months after she was fired, Randolph filed a formal charge of discrimination against RRR with the Equal Employment Opportunity Commission (the "EEOC").  *Id.* at ¶ 2.  The EEOC dismissed Randolph's charge and provided written notice of her right to sue.  *Id.*  Randolph next filed suit in this Court.  *See* ECF Nos. 1 & 12.

The Amended Complaint alleges that RRR discriminated against and harassed Randolph on account of her gender and race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the companion state anti-discrimination statute, Maryland State Government Article § 20-602.  *See* ECF No. 12 at ¶¶ 34–44.  The Amended Complaint further alleges that RRR failed to pay Randolph a sufficient wage, in violation of the Maryland Wage and Hour Law, § 3–401, the Maryland Wage Payment Collection Act, § 3–501, and the Fair Labor Standards Act of 1938, 29 U.S.C. § 206.  *Id.* at ¶¶ 45–56.

RRR now moves to dismiss all claims, arguing that the Arbitration Agreement mandated that Randolph submit the claims for pre-arbitration dispute resolution and, if unresolved, proceed to arbitration in lieu of litigation.  ECF No. 20-1 at 2.  Randolph singularly responds that the Agreement is unconscionable and must be set aside.  For the following reasons, the Court agrees with RRR and will grant the motion.

## II.   Standard of Review

The Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1–16, governs this dispute.  *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003); *see also Star Dev. Grp., LLC v. Darwin*

*Nat'l Assurance Co.*, 813 F. App'x 76, 81 (4th Cir. 2020) (Courts "presume that an agreement involving interstate commerce . . . will be arbitrated under the FAA absent clear indication by the parties to the contrary."). Under the FAA, "arbitration agreements are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Dillon v. BMO Harris Bank, N.A.*, 856 F.3d 330, 334 (4th Cir. 2017) (citing 9 U.S.C. § 2). The FAA "reflects 'a liberal federal policy favoring arbitration agreements.'" *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Thus, the "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin.Corp.-Ala. V. Randolph*, 531 U.S. 79, 91 (2000).

RRR urges the Court to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 20 at 1. Where the parties have agreed to arbitrate disputes, dismissal under either rule may be a proper remedy. *See Lomax v. Weinstock, Friedman & Friedman, P.A*, No. CCB-13-1442, 2014 WL 176779, at *2 (D. Md. Jan. 15, 2014) ("Courts have found it proper to dismiss claims subject to arbitration agreements under both Rule 12(b)(1) and Rule 12(b)(6)."), *aff'd sub nom.* 583 F. App'x 100 (4th Cir. 2014). A motion to dismiss brought pursuant to Rule 12(b)(1) challenges the Court's limited subject matter jurisdiction, and the plaintiff "bears the burden of proving that subject matter jurisdiction exists." Fed. R. Civ. P. 12(b)(1); *Piney Run Preservation Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008). Absent an "independent jurisdictional basis," when the plaintiff's claims are subject to an enforceable arbitration provision, the Court lacks subject matter jurisdiction. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008).

A motion to dismiss brought pursuant to Rule 12(b)(6) "test[s] the sufficiency of the complaint," viewing the complaint facts as true and most favorably to the plaintiff.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Because Randolph proceeds pro se, the Court reads the Amended Complaint most charitably to allow for the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (explaining that pro se complaints are not held to the same pleading standard as those prepared by lawyers).

Regardless of which standard the Court adopts, the outcome remains the same.  *See Lomax*, 2014 WL 176779, at *2 (D. Md. Jan. 15, 2014).  Because the Arbitration Agreement on its face is valid and binding, the claims are subject to mandatory pre-arbitration and arbitration proceedings.  Thus, for the reasons discussed below, the claims cannot proceed in this Court.

**III.    Analysis**

Randolph does not dispute that she signed the Arbitration Agreement, and that under its terms, all claims alleged in the Complaint are subject to arbitration in lieu of litigation.  *See* ECF Nos. 20-2 at 1–2 & 25-1 at 4.  Instead, Randolph argues that the Court should set aside the Arbitration Agreement as unconscionable.  *Id.*

An agreement to arbitrate disputes "is a creature of contract," and so the Court applies principles of contract interpretation to its terms.  *Int'l Bhd. of Elec. Workers, Loc. 26 v. AdVin Elec., Inc.*, 98 F.3d 161, 164 (4th Cir. 1996).  Because the Court sits in Maryland, Maryland's choice of law rules, apply.  *Skinner v. Garry*, No. ELH-19-3559, 2020 WL 4784768, at *7 (D. Md. Aug. 18, 2020).  Maryland "'follows the doctrine of *lex loci contractus*, applying the substantive law of the place where the contract was formed.'"  *Baker DC, LLC v. Baggette Construction, Inc.*, 378 F. Supp. 3d 399, 406 (D. Md. 2019) (quoting *RaceRedi Motorsports, LLC v. Dart Mach.*, Ltd. 640 F. Supp. 2d 660, 665 (D. Md. 2009)).  The parties do not dispute

that the Arbitration Agreement was executed in Maryland, so the Court applies Maryland law.

In Maryland, a contract may be declared invalid and unenforceable if unconscionable. *Walther v. Sovereign Bank*, 386 Md. 412, 425–26 (2005). A contract is unconscionable where one party "'lacked meaningful choice'" in agreeing to its terms and where the "'contractual terms . . . unreasonably favor the other party.'" *Id.* at 426 (citing Black's Law Dictionary 1560 (8th ed. 2004)). To make this showing, the movant must demonstrate that the provision is both "procedurally and substantively unconscionable." *Baron v. Sprint Corp.*, No. JKB-19-1255, 2019 WL 5456796, at *1 (D. Md. Oct. 24, 2019). A provision is substantively unconscionable when its terms are "'unreasonably favorable to the more powerful party,' 'impair the integrity of the bargaining process or otherwise contravene the public interest or public policy,' 'attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law,' or are otherwise 'unreasonably and unexpectedly harsh.'" *Id.* at *2 (quoting *Freedman v. Comcast Corp.*, 190 Md. App. 179, 208-09 (2010)). Procedural unconscionability requires a showing of "extreme unfairness," where a party has been deprived any meaningful choice and the contractual terms "unreasonably favor the other party." *Baron*, 2019 WL 5456796, at *2 (quoting *Walther*, 386 Md. at 426).

Randolph first argues that the Arbitration Agreement is substantively unconscionable because the Agreement (1) includes an abbreviated pre-dispute notice provision; (2) compels Randolph to waive her right to a jury trial; and (3) requires arbitration of sexual harassment claims in contravention of federal and state law. ECF No. 25-1 at 10–12. Regarding the first reason, generally, "statutory limitations periods may be shortened by agreement, so long as the limitations period is not unreasonably short." *In re Cotton Yarn Antitrust Litig.*, 505 F.3d 274, 287 (4th Cir. 2007). Simply because the abbreviated notice-of-claim deadline is a "drastic

reduction" from the otherwise applicable statutory limitations period, this alone does not render the contract unreasonably unfair. *Id.* at 288; *see also Dieng v. Coll. Park Hyundai*, No. DKC 2009-0068, 2009 WL 2096076, at *7–8 (D. Md. July 9, 2009) (upholding an arbitration agreement with a 60-day notice requirement and a 180-day deadline to submit the claim to arbitration). "Given the established rule that statutory limitations periods can be contractually shortened," this pre-dispute notice period does not support a finding of substantive unconscionability. *In re Cotton Yarn*, 505 F.3d at 288.

Next, regarding the jury trial waiver, Randolph maintains that the Agreement is substantively unconscionable because the waiver clause was "dubiously inconspicuous." ECF No. 25-1 at 11. "It is true, of course, that a waiver of basic Constitutional rights is not ordinarily valid unless it is knowing and voluntary." *Meyer v. State Farm Fire & Cas. Co.*, 85 Md. App. 83, 89 (1990). Equally clear is that "a party may waive her right to adjudicate disputes in a judicial forum," – a "necessary and fairly obvious consequence of an agreement to arbitrate." *Sydnor*, 252 F.3d at 307 (quoting *Pierson v. Dean, Witter, Reynolds, Inc.*, 742 F.2d 334 (7th Cir. 1984)). Thus, the mere fact that the Agreement required Randolph to waive her jury trial right over employment-related claims does not render the Agreement substantively unconscionable.

Nor can Randolph defeat the Arbitration Agreement by baldly asserting that the waiver was "inconspicuous." The waiver was clear and quite prominently featured in the Agreement. *See* ECF No. 20-2 at 2. The pertinent title, "Waiver of Jury Trial," is bolded and underlined, as is the clause stating that the parties "knowingly, willingly and voluntarily [do] expressly hereby waive a trial by jury." *Id. Cf. Dreiling v. Peugeot Motors of Am., Inc.*, 539 F. Supp. 402 (D. Colo. 1982) (declining to enforce a jury trial waiver that was "on the twentieth page of a twenty-two page standardized form contract."); *Luis Acosta, Inc. v. Citibank, N.A.*, 920 F. Supp. 15, 19

(D.P.R. 1996) (declining to enforce a waiver that was "not in boldface" and that was "buried at the end of the contract").  The waiver, therefore, is hardly "inconspicuous."

Third, Randolph urges the Court to find the Arbitration Agreement substantively unconscionable because of recent legislation that effectively prohibits arbitration of employment-related sexual harassment or sexual assault allegations.  In 2022, Congress amended the FAA with the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (the "EFAA"), 9 U.S.C. § 401-02.  The EFAA invalidates any pre-dispute mandatory arbitration clause as applied to workplace sexual harassment and sexual assault claims.  § 402.  Similarly, the Maryland Legislature has declared that any "provision in an employment . . . agreement that waives any substantive or procedural right or remedy to a claim that accrues in the future of sexual harassment or retaliation" to be "null and void as . . . against public policy."  Md. Code Ann., Lab. & Empl. § 3-715(a).

Although this legislation signals a collective disapproval of subjecting sexual harassment claims to mandatory arbitration, the Amended Complaint allegations are much broader.  Randolph accuses RRR of race, color, and sex discrimination; retaliation; and wage and hour violations.  *See generally* ECF No. 12.  So even if this legislation raises the specter of substantive unconscionability, it does so only as to the sex harassment allegation.  *Cf. Potts v. Excalibur Assocs., Inc.*, No. 8:22-02565-PX, 2023 WL 3251410, at *3 (D. Md. May 3, 2023) (acknowledging that the EFAA prohibits the arbitration of sexual harassment disputes but noting that claims not involving sexual harassment may proceed to arbitration).

Further, even if Randolph could demonstrate substantive unconscionability as to the sexual harassment claims, she cannot also show the Agreement was procedurally unconscionable.  *See Walther*, 386 Md. at 426.  Randolph argues that because the Agreement is a

take-it-or-leave-it contract of adhesion, its enforcement is procedurally unconscionable. *See* ECF No. 25-1 at 4. But even a take-it-or-leave it proposition, by itself, does not establish procedural unconscionability. *Walther*, 386 Md. at 430. One-sided contractual terms "'may operate to the perceived detriment of the weaker party'" but nonetheless do not compel a finding of extreme unfairness. *Id.* at 431 (citing *Meyer*, 85 Md. App. at 89–90).

As to unfairness, Randolph urges the Court to construe the Agreement as impermissibly unfair because when she signed it, she "felt pressured to complete the documents quickly" on the "busy and noisy" sales floor; that she had to read the Agreement on a computer that made the text "blurred and pixelated;" and that RRR did not give her a hard copy despite repeated requests for one. ECF No. 25-1 at 2, 6, 8. Randolph's arguments are belied by the Agreement itself. The Agreement is clear and easily readable. *See* ECF No. 20-2 at 1–2. Further, by signing the Agreement, Randolph affirmed that she had read, understood, and voluntarily agreed to its terms. ECF No. 20-2 at 2. Because the law "presumes that a person knows the contents of a document [she] executes and understands at least the literal meaning of its terms," *Merit Music Serv., Inc. v. Sonneborn*, 245 Md. 213, 221–22 (1967), Randolph is hard-pressed to now claim otherwise.

Moreover, Randolph acknowledges that RRR provided employment documents through an employee database, but complains that generally the "link did not work" and "no one in management assisted her to log in." ECF No. 25-1 at 8. However, the Arbitration Agreement itself is clearly legible and the electronic version included a click-to-print option. *See* ECF No. 20-2 at 1; *see also* ECF No. 27-1 at 1–2. Mere averments of general difficulty accessing a hard copy of the Agreement when electronic viewing options had been indisputably available does not render enforcement of the Arbitration Agreement so grossly unfair that it must be set aside as

unconscionable.  Accordingly, the Court will not declare the Agreement null and void as Randolph urges.

In sum, the Arbitration Agreement made clear that any claims arising from the parties' employment relationship must be submitted for pre-arbitration dispute resolution and thereafter binding arbitration.  Randolph has not demonstrated the Agreement should be set aside as unconscionable, and so, the Agreement to arbitrate such disputes is valid and binding.  As a result, this litigation cannot proceed in this Court.  Further, because Randolph has missed the deadline to submit the claims for pre-arbitration dispute resolution, *see* ECF No. 20-2 at 1, a necessary precondition to proceeding to arbitration, the claims appear no longer arbitrable.  Accordingly, the Court sees no purpose in staying the matter over dismissal.  The motion to dismiss is GRANTED.

A separate order follows.

| October 27, 2023 | /s/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |